# Southern Railway Co. *v.* Lollar.

*Action by Passenger against Railroad Company for Damages for Personal Injuries.*

1.  *Action for personal injuries; when there is no variance between the allegations of the complaint and the proof.*—In an action against a railroad company by a passenger to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant in wrongfully starting its train with a jerk while the plaintiff was in the act of alighting, it was averred in the complaint that the plaintiff was a passenger on said train and paid his fare from Oakman to Corona, two stations on the defendant's road. The proof on the part of the plaintiff shows that he was a passenger and paid his fare from Oakman to Lockhart, which latter station was a few miles beyond Corona; that after he paid his fare to Lockhart he was told by the conductor that the train did not stop at that place, whereupon the plaintiff proposed to get off at Corona. The conductor assented to this, and the alleged accident occurred at or near Corona. *Held*: That there was no variance between the allegations of the complaint and the proof.

[Southern Railway Co. v. Lollar.]

2. *When general affirmative charge properly refused.*—In an action against a railroad company to recover damages for personal injuries, where there is a conflict in the evidence as to one of the material issues of the case, the general affirmative charge requested by the defendant is properly refused.

3 *New trial; when judgment reversed.*—On an appeal from a judgment refusing a new trial, on the ground that the evidence was not sufficient to support the verdict, or that the verdict was contrary to the evidence, if, after allowing all reasonable presumptions of its correctness, the preponderace of the evidence against tne verdict is so decided as to clearly convince the court that it is wrong and unjust, the judgment refusing the new trial will be reversed.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. A. H. ALSTON.

This action was brought by the appellee, Vandorn Lollar, against the Southern Railway Company to recover $1,500 damages for personal injuries alleged in the complaint to have been sustained by the plaintiff while a passenger on one of the defendant's trains, by reason of the negligence of the employes of the defendant in wrongfully moving or jerking said train while the plaintiff was in the act of alighting therefrom. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiff, assessing his damages at $200.

The defendant made a motion to set aside the verdict and judgment and to be granted a new trial on the ground, among others, that the verdict was contrary to the evidence. This motion was overruled, and the defendant duly excepted. The defendant appeals, and assigns as error the refusal of the court to give the several charges requested by it, and the overruling of its motion for a new trial.

JAMES WEATHERLY, for appellant.—The general affirmative charges requested by the defendant should have been given. The evidence also fails to support

the averment that the calling of the station of Corona
was an invitation to the plaintiff alight; or the aver-
ment that it was a wrong upon the plaintiff to stop the
train short of Corona station.—*L. & N. R. R. Co. v.
Johnston*, 79 Ala. 436; *Ala. Gt. So. R. R. Co. v. Hall*,
105 Ala. 599; *Wellman v. Jones*, 124 Ala. 508; *M. & O.
R. R. Co. v. George*, 94 Ala. 200; *Smith v. Causey*, 28
Ala. 655; *M. & E. R. R. Co. v. Culver*, 75 Ala. 587; *Mc-
Gehee v. Roberts*, 90 Ala. 534; *Collier v. Goggins*, 103
Ala. 281; 15 So. Rep. 578.

The court should have granted the defendant's motion
for a new trial. The verdict was clearly contrary to
the weight of the evidence.—*Teague v. Bass*, 131 Ala.
422; *Birmingham Nat. Bk. v. Bradley*, 30 So. Rep. 546;
*Same case*, 116 Ala. 142; *B'ham Elec. Ry. Co. v. Clay*,
108 Ala. 233; *Davis v. Miller*, 109 Ala. 600; *Railway Co.
v. Chambliss*, 97 Ala. 180; *Sheppard v. Dowling*, 103
Ala. 846; *Ala. Gr. So. Ry. Co. v. Burgess*, 119 Ala. 555;
*B'ham Ry. & Elec. Co. v. Ward*, 124 Ala. 409.

McCOLLUM & McGREGOR, *contra*.—When the name of
a station is called out upon approaching it, and soon
thereafter the train is brought to a standstill, the pas-
senger may reasonably conclude that it has stopped at
the station, and attempt to get off, unless the circum-
stances are such as would go to show to any person of
reasonable prudence and ordinary observation that it
had not reached the stopping place, and this does not
appear, as the facts show in this case that it was on a
dark night, about midnight, when the name of the sta-
tion had been called by the proper parties in charge of
the train.—*Richmond & Danville Railroad Company v.
Smith*, 92 Ala. 237; *Smith v. Georgia Pacific Railroad
Company*, 88 Ala. 238.

HARALSON, J.—The evidence for the plaintiff
shows, that he boarded the train at Oakman, without a
ticket, it being late at night, and paid the conductor his
fare to Lockhart station; that at the time he paid the
conductor his fare, the latter did not say anything about
not stopping at Lockhart, but he did, afterwards, tell

the plaintiff that the train did not stop at that station,. and then plaintiff told him he would get off at Corona,. shown to be about a mile this side, or short of Lockhart,. to which he made no objection; that as they approached Corona, that station was called out three times, and the last time,—which call was made by the conductor,—the train came to a dead stop; that he walked out to the front end of the car to get off, and the conductor was standing there, and he nor the flagman, who was standing in the car, said anything about the train not having reached Corona; that about the time he was alighting,. the train started with a jerk and threw him off the train and injured him, and that this was about 200 yards from the station at Corona.

The evidence on the part of defendant tends to show that the plaintiff paid his fare, not to Lockhart, but to Corona; that the conductor told him at the time, the train did not stop at Lockhart, but would make a stop at Corona, and he would have to get off there; that he did not see him when he got off, and did not know anything about how he got off; that he had no conversation with him, or with plaintiff's brother, who was with him, except the one had just after leaving Oakman, when he and his brother paid their fare to Corona; that the train did not stop or halt 200 or 300 yards or at any point before reaching the depot at Corona, but did stop at the depot, the station house being lighted inside and out; that it was not known that plaintiff and his brother had gotten off the train at the time they did, and that fact was not ascertained until after the train stopped at the depot at Corona.

The counts in the complaint on which the case was tried, aver that the plaintiff was a passenger on the train from Oakman to Corona, to which place he had paid the regular fare.

The defense was, that plaintiff was guilty of negligence proximately contributory to the injury he received, in jumping or attempting to alight from the train while it was in motion.

The defendant requested the general charge in its favor, and the same charge was requested on each of

the counts in the complaint, numbered 1, 2 and 3, which were refused.

The contention of the defendant proceeds on the ground of a variance in the allegations of the complaint and the proof, the one averring that plaintiff was a passenger on the train and paid his fare from Oakman to Corona, while the proof on the part of plaintiff shows that he was a passenger and paid his fare to Lockhart. If this may be called a variance, it was immaterial. The proof shows without conflict, that he paid full fare to Corona, that for the plaintiff tending to show, that he paid the fare beyond that station to Lockhart, which was a few cents more than to Corona. But the proof for plaintiff does tend to show, that after he paid his fare to Lockhart, and he was told by the conductor that the train did not stop at that place, he proposed to get off at Corona, to which the conductor assented, which it was competent for him to do. If this was true, he became and was, as alleged in the complaint, a passenger from Oakman to Corona, having paid full fare to that point. Furthermore, it might be properly construed as an invitation by the conductor for him to stop at Corona.

The evidence for the defendant tends to show that he was a passenger from the starting point to Corona and paid his fare to that point, as alleged in the complaint.

There being conflict in the evidence as to whether the train stopped where plaintiff got off, short of Corona, defendant's charges were properly refused. Under the averments of the complaint, and the proof on the part of plaintiff, if believed by the jury, he was entitled to a verdict.—*Smith v. Ga. Pac. R. Co.*, 88 Ala. 538; *R. & D. R. R. Co. v. Smith*, 92 Ala. 237; *E. T., V. & Ga. R. R. Co. v. Holmes*, 97 Ala. 332, 336; *B. R. & E. Co. v. James*, 121 Ala. 120; *Watkins v. B. R. & E. Co.*, 120 Ala. 147.

Upon the motion for a new trial, we have carefully examined the evidence, and its preponderance is so greatly in favor of defendant, in our judgment the motion should have been granted. The ruling of the court denying the motion was clearly erroneous, and the cause

[Sabel & Sons v. Savannah Rail & Equipment Company.]

will be remanded.—*Birmingham E. R. Co. v. Clay,* 108 Ala. 233; *Teague v. Bass,* 131 Ala. 422; 31 So. Rep. 4; *B. R. L. & P. Co. v. Owens, ante,* p. 154.

Reversed and remanded.