# Nashville, Chattanooga & St. Louis Railway *v.* Cody.

*Action against Railroad as Common Carrier.*

1.  *Action against common carrier; bill of lading containing special stipulations limiting liability admissible in evidence; when no variance.*—In an action against a common carrier for injuries to freight. where the complaint is in the form prescribed in the Code for a suit against a common carrier on a bill of lading, a bill of lading containing special stipulations limiting the carrier's common law liability is admissible in evidence; and the introduction of such bill of lading does not constitute a fatal variance between the complaint and the proof.

[Nashville,· Chattanooga & St. Louis Railway v. Cody.]

2. *Pleading . and practice; waiver of right to except for giving .the general affirmative charge.*—When on the trial of a civil case after the conclusion of the evidence, the attorneys of each of the parties enter into an agreement filed of record that the court may give the general affirmative charge 'for the plaintiff or the defendant as it "may deem proper under the law and the evidence, and enter·on the record jury and verdict in accordance with the charge of the court as given," such agreement amounts to ·a waiver of any right to except by either of the parties to the giving of the general affirmative charge because of a conflict arising out of the evidence; the effect of such an agreement being the substitution of the court for the jury as to a finding on the facts.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JAMES A. BILBRO. ·

· This action was brought by the appellee, A. J. Cody, against the appellant, the Nashville, Chattanooga & St. Louis Railway, as a common carrier. The action was commenced in a justice of the peace court, and from a judgment by default against defendant an appeal was taken to the circuit court. In the circuit court a complaint was filed containing two counts. The second count which sought to recover against the defendant as warehouseman was on motion of the defendant stricken. The first count was in words and figures as follows: "The plaintiff claims of the defendant the sum of fifty dollars damages, for the failure to deliver certain goods, to-wit, one case of notions and one case of oil cloth, received by the defendant as a common carrier to be delivered to the plaintiff at Albertville, Alabama, for a reward, which defendant failed to deliver."

The defendant pleaded the general issue, and upon issue joined upon this plea trial was had.

. It was shown by the evidence that the goods which it was alleged in the complaint that defendant failed to deliver to plaintiff were shipped to the plaintiff at Albertville; that the bill of lading under which the goods were shipped contained special stipulations limiting the defendant's liability. The evidence for the plaintiff tended to show that he sent for the goods to the defendant's depot, and when plaintiff's agent demanded the goods some goods which were shipped to the plain-

[Nashville, Chattanooga & St. Louis Railway v. Cody.]

·tiff were delivered to said agent, but the goods involved in this suit were never delivered to the plaintiff or his agent. The evidence for the defendant tended to show that the goods which were shipped to the plaintiff were checked into the defendant's depot on January 30th, 1901; that plaintiff was notified of the arrival of the goods on January 31st, 1901, and that plaintiff sent for said goods on February 1, 1901; that all of the goods shipped to the plaintiff, including those involved in the present suit, were delivered to the plaintiff's agent when he demanded them, and that the plaintiff's agent gave a receipt to the defendant's agent for said goods.

The case was submitted to the court under the following agreement, which was signed by plaintiff's attorney and defendant's attorney: "In this case it is agreed that the court may give a charge to the jury, that if they believe the evidence they will find for the plaintiff, or, if they believe the evidence they will find for the defendant, as the court may deem proper under the law and the evidence, and enter on the record, jury and verdict in accordance with the charge of the court as given." Upon the introduction of all the evidence the court at the request of the plaintiff gave to the jury the general affirmative charge in its behalf. The defendant duly excepted to the giving of this charge, and also excepted to the court's refusal to give the general affirmative charge requested by it.

There was judgment for the plaintiff fixing his recovery at $50. The defendant appeals and assigns as error the giving of the general affirmative charge requested by plaintiff, and the refusal to give the general affirmative charge requested by defendant, and the rendition of judgment in favor of plaintiff.

OSCAR R. HUNDLEY, for appellant.—The suit was on the common law liability of the carrier; and the evidence without dispute showing that the goods were transported under a special contract varying the common law liability of the carrier. the affirmative charge for the defendant should have been given.—*St. Louis Railway Co. v. Parker & Co.*, 123 Ala. 683.

[Nashville, Chattanooga & St. Louis Railway v. Cody.]

The defendant was entitled to the affirmative charge because the undisputed evidence showed that the railway, if liable at all, was only liable as a warehouseman, and not as a' common carrier.—*Tallassee Falls Mfg. Co. v. Railway,* 128 Ala. 167.

The plaintiff failed to make out his case by a preponderance of the testimony, and thus the court erred in giving the affirmative charge for the plaintiff. There was a written receipt given by the plaintiff's agent showing that he had received the goods. This written receipt was *prima facie* evidence that the agent had received the goods.—*Eufaula Nat. Bank v. Passmore,* 102 Ala. 370.

McCORD & McCORD, *contra,* cited *S. & N. R. R. Co. v. Wood,* 66 Ala. 167; *L. & N. R. R. Co. v. Oden,* 80 Ala. 38; *Collins v. A. G. S. R. R. Co.,* 104 Ala. 390; *C. & W. Ry. v. Ludden & Bates,* 89 Ala. 612; *W. Ry. v. Little,* 86 Ala. 159.

DOWDELL, J.—What was said in the case of *N., C. & St. L. R. Co. v. Parker & Co.,* 123 Ala. 683, and here relied on by appellant for authority as to a variance between the complaint and the proof, where the complaint was in Code form on a bill of lading, and the bill introduced in evidence contained special stipulations, was reconsidered and departed from by this court in the later case of *L. & N. R. R. Co. v. Landers,* 135 Ala. 504; 33 So. Rep. 482.

It is quite apparent from the record, that by the written agreement entered into by counsel for plaintiff and defendant after the conclusion of the evidence upon the trial for the court to charge the jury affirmatively for the plaintiff or defendant "as the court may deem proper under the law and the evidence, and enter on the record, jury and verdict in accordance with the charge of the court as given," it was not intended by counsel to put the trial court in error on the ground of a conflict in the evidence. There was a direct and palpable contradiction in the testimony as to the delivery of the goods sued for, which would have made it error to give the general charge in writing at the request of either party.

VOL. 137.

The agreement entered into was a waiver of any right
to except because of a conflict arising out of the evidence.
It was in effect an agreement for the court to be substi-
tuted for the jury as to a finding on the facts and to ren-
der its judgment accordingly.

Counsel for appellant in argument admits that the
case was virtually submitted to the court without a jury.
We find no error in the record and the judgment will be
affirmed.

Affirmed.

