Tbe action below was by six insurance companies against Michael & Gill, a firm that has been engaged in the haberdashery business in the city of Cincinnati.
Defendants in error had issued their respective policies of insurance upon the stock, furniture and fixtures of said firm (plaintiffs in error) in their side store. On August 27, 1905, the property was partially destroyed by fire and, after due notice to the companies, differences having arisen between the companies and the assured, as to the amount of loss and damage, *402 appraisers and an umpire, as contemplated by all the policies, were selected to inquire into the sound value and damage. An award made under a joint submission was in due course returned by them, in which the damage to stock alone was fixed at $2,455.30.
The action below was to set aside the appraisement, award and finding as to the amount of loss as excessive and unjust, by reason of fraud in the claim by assured for goods alleged to have been in the basement, when in fact it was claimed no such goods existed at the time of the fire. The court was also asked to declare the policies void by virtue of the following clause which appeared in all the policies:
“This entire policy shall be void in ease of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject therefor whether before or after the loss.”
Demurrers to the petition and amended petition were overruled and exceptions duly noted.
During the hearing of this cause, and after about sixty pages of testimony had been taken, the court framed an issue out of chancery and it was agreed by the parties that the case be determined by having a jury answer the following questions:
“Were the goods claimed by defendants before the appraisers to be in the basement of the premises, No. 526 Race street, on the 27th day of August, 1905, the date of the fire, in said premises at said time?”
The defendants, it seems, represented said goods to amount in value to about $250. The jury after an extended hearing answered the question that was submitted to them in the negative and thereafter the court inter alia decreed:
“That no stock of shirtings, muslins and linens was in fact in the basement of or elsewhere in said premises on the date of said fire, which fact was well known to the defendants; that said defendants made no claim that said stock was anywhere else in said premises; that their representations to said appraisers in respect to the same were false and fraudulent and known to the defendants tote false and fraudulent and were made for the purpose -of defrauding the plaintiff.”
*403 A cancellation of the award, and incidentally a cancellation of the policies of insurance, was ordered, and defendants were perpetually enjoined from bringing or maintaining any action at law, on said policies of insurance.
These proceedings are instituted to reverse the judgment below and several errors are assigned. It is claimed that the court erred in overruling the demurrers of the defendant below, and plaintiffs in error confine their argument on this point to the overruling of the demurrer to the amended petition, which, however, practically raises the point relied on, with reference to' both demurrers, namely, that there was misjoinder of parties plaintiff, and that causes of action were improperly joined and that the petition failed to state a cause of action.
The plaintiffs in error contend that inasmuch as the petition reveals that the interests of the insurance companies are several, that the policies were issued on separate considerations, and are of different classes, namely, (a) one class of policies covering “stock and furniture,” and (b) another covering “stock” alone, and that they are not united in interest, particularly with reference to the cancellation of the respective policies and that the issues of fact and law are not identical. In other words, that the action was not joint but several.
Numerous authorities are cited in support of the proposition, and these authorities would seem to be applicable if it did not appear on the face of the petition itself that the primary relief sought by plaintiffs was not cancellation of the policies but cancellation of the award, which was made under a joint submission to which all the companies and the plaintiffs in error were parties (see Exhibit 7). Under such circumstances we think the court was not in error in overruling the demurrer for misjoinder. The relief with reference to the cancellation of the policies was purely incidental and could not follow unless the primary relief asked for, namely, the cancellation of the award on account of fraud, had been granted. In such event it was within the power of the chancellor to proceed to a final determination of the matter, and cancel the policies for fraud as was in fact done by the court.
*404 But whether the ruling on the demurrer was correct or not would seem to be immaterial in view of the solemn stipulation entered into by the parties hereto prior to the submission to the jury. This stipulation is to be found at page 63 of the record, and is signed by all the attorneys representing the respective parties, and it appears that thereafter testimony was adduced according to the terms of the stipulation. Under and by virtue of this stipulation it seems to us plaintiffs in error waived any alleged errors that occurred with reference to the rulings on demurrers, either for misjoinder or for failure of the petition to state a cause of action. Paving Co. v. Vizelich, 141 Cal., 4; Stackpole v. R. R. Co., 121 Fed., 389; R. R. Co. v. Cody, 137 Ala., 597-99-600.
Moreover it seems to have been argued in support of the demurrer that the court could not say from the petition that there might not be separate defenses against several plaintiffs, and the claim of different defenses as thus intimated is carried out in the answer and cross-petition which contains allegations in reference to the agreement having been entered into between two of the plaintiff companies and the assured with respect to furniture and 'fixtures which the policies of the said two companies covered, the other policies covering stock only. The stipulation, it will be observed, abandons any separate defenses or claims as to the policies covering furniture and fixtures and from this it would seem to have been clearly intended to abandon and forego the questions that had been raised on the demurrer. Under the circumstances we think the court’s action with reference to the rulings on the demurrer can not be complained of, and we therefore proceed to inquire whether there was other error prejudicial to plaintiffs in error in the trial below.
Was the decree against the weight of the evidence? The petition in substance alleges that plaintiffs in error willfully and knowingly misrepresented facts for the purpose of obtaining an excessive award. The fraud sought to be proven at the trial it will be observed concerns a very small part of the loss claimed to have been sustained and relates to a'small amount of goods alleged to have been in the basement. A charge of fraud is *405 always a grave one, as it involves the character of the accused, and in this case if proven also necessitates a forfeiture, which the law abhors. Nothing, therefore, is to be presumed in favor of this charge and the burden of proving the fraud alleged is on him who charges it. During the course of the trial below, however, the court made certain rulings and examinations which it seems to us placed too great a burden on the defendants (see record, pp. 155, 171, 248, 253, 285, 289, and particularly during the examination of defendant Michael at p. 174).
We think the charge of the court likewise placed too great a burden on defendants’ below. Attention is directed to the following :
‘ ‘ Of course, in determining whether certain goods were in the basement on a certain day, or on a certain night when the fire took place — I say in determining whether those goods were there, the fact that they were there a week before, or a month before, or three months before, does not, of itself, prove the fa'et, at all. The only object in admitting such testimony to your' consideration was to enable the party to show, if he could, or to testify, if he could, that the conditions remained up to the time of the fire just as they were at those previous times spoken of when parties saw the goods there.”
This language was also misleading and erroneous for the rea-son that the testimony referred to strongly tended to support the contention of defendants below, namely, that in the course of their business they kept a stock of shirtings on hand and that the basement was the place where these shirtings toere always kept, all of which was vital to defendant’s case.
We likewise think -the court’s allusion in another part of the charge to the character of plaintiff’s evidence and the difficulty of proving .their case with that character of evidence was misleading and tended to lighten plaintiff’s burden.
Of course the chancellor was at liberty to discard the finding of the jury, but as he adopted it we have thus- undertaken to show the finding was valueless and of no aid to the court.
Furthermore the finding was against the weight of the evidence. Even if the jury had been correctly instructed we fail to see how its finding was in any way decisive.
Renner & Renner, C. A. J. Walker and Eugene Heim, for plaintiffs in error.
Cabell & Kohl, contra.
If there had been no goods at all in the basement at the time of the fire and if this was known to assured we could understand that representation with reference to their value would be fraudulent. But from this finding how can it be said there may not have been some shirtings in the basement, although they not not have been of the amount and value as claimed by the assured ?
If there were some shirting in the basement, but not of the amount and value claimed by assured we are confronted with a ease at best of mere exaggeration or over estimation or negligent or inadvertent mis-statement, and of which is not ground for a charge of willful fraud. 1 Cleve., 339; 92 Me., 272; 107 Mich., 323; 1 Rov. (La.), 438; 4 Daly (N. Y), 96.
Finally, as the appraisers seem to have acted on their own judgment (testimony of Newman and Golde), we fail to see how .the'-companies were deceived. ,
Judgment set aside and cause reversed.