[Western Union Telegraph Company v. Louisell.]

# Western Union Telegraph Company
## v. Louisell.

*Mistake in Transmission.*

(Decided June 10, 1909.   50 South. 87.)

1. *Pleading; Complaint; Amendment.*—Where the original complaint alleged that the telegram was dated Manistee, Ala., etc., it did not constitute a departure to amend the claim by inserting Repton where Manistee occurred.

2. *Same; Demurrer; Refiling.*—Where demurrers have been overruled to a complaint, if it was afterwards changed in some material particulars, in order to get advantage of the amendment by way of demurrer, the demurrer should be refiled.

3. *Same; Pleas; Refiling.*—Where a complaint is amended in order to get a ruling on pleas filed to the original complaint as an answer or defense to the amended complaint, the pleas should be refiled.

4. *Appeal and Error; Harmless Error; Amending Pleading.*—Where the evidence showed that a telegraph message was sent by telephone from Manistee to Repton and then delivered to the telegraph company, an amendment to the complaint inserting Repton in the place of Manistee was neither beneficial nor prejudicial to either party, its only purpose being to prevent a variance.

5. *Same; Ruling on Pleas.*—Where the parties were examined fully and there was failure of proof to support the pleas erroneous rulings thereon are harmless.

6. *Trial; Direction of Verdict; When Authorized.*—Where the burden of proof is on either party and any material allegation rests in inference to be drawn from the facts testified to, or where the evidence is conflicting, it is error to direct a verdict; but where the evidence leaves nothing to inference, and if believed, amounts to the same thing as the facts sought to be proven, the court may instruct the jury that if they believe the evidence they must find for one or the other parties as the case may be.

7. *Action; Messages; Negligence in Transmission.*—In an action against a telegraph company for erroneous transmission of a message, a complaint which alleges negligence and error in transcribing the name of a person in the message, states a case in tort based on a breach of duty growing out of the contract, or for breach of duty imposed by law.

8. *Telegraph and Telephone; Erroneous Transmission; Burden of Proof.*—The burden of proving every material allegation of the complaint rests upon the sender of a message suing the company for negligent transmission.

9. *Same; Evidence; Jury Question.*—Whether the company so negligently transmitted the message as to change the names therein is, under the facts in this case, a question for the jury.

[Western Union Telegraph Company v. Louisell.]

10. *Same; Messages; Rules and Conditions.*—Where the action is for breach of contract, the rules and conditions endorsed on the message received and transmitted by a telegraph company are binding only when they become a part of the contract between the sender and the company.

11. *Same; Limiting Liability.*—A telegraph company cannot by special contract limit its liability for its own negligence in the transmission and delivery of messages.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by William H. Louisell against the Western Union Telegraph Company, for negligence in the transmission of a message. Judgment for plaintiff and defendant appeals. Reversed and remanded.

FITTS, LEIGH & LEIGH, for appellant.—The amendment so called is no part of the record. It was never allowed by the court.—Sec. 3331, Code 1896; Andrews-Stephens's Pleading, sec. 114, and note 33, p. 530; 7 Bush. 474; 88 Ind. 223. The demurrer should have been sustained to the complaint. The paper was commercial in its strictest sense, and it is not averred that Mason was the owner at the time of payment.—*Collins v. Gilbert,* 94 U. S. 753; *Morris v. Eufaula Nat. Bank,* 122 Ala. 580. The terms and conditions on the telegraph form were availed of by appropriate pleas.—*Harris v. W. U. T. Co.,* 121 Ala. 519. The rule is a reasonable one.—*Harris' case, supra; W. U. T. Co. v. Prevatt,* 43 South. 106. The operator at Repton was the agent of the sender.—Authorities supra. The sender is bound by the conditions on the blank where he did not write, but dictated the message to the operator.—Authorities supra; 64 Tex. 220; 63 Tex. 678. The amendment constituted a departure. —*McAden v. Gibbons,* 5 Ala. 344; *Winter v. Mobile Bank,* 54 Ala. 174; *Western Ry. v. Davis,* 66 Ala. 579. The court erred in sustaining the plaintiff's objection to the introduction of his own answers to interrogatories

filed to him.—Sec. 1855, Code 1896; *Saltmarsh v. Bower,* 22 Ala. 221; *Crymes v. White,* 37 Ala. 549; *Crocker v. Clements,* 23 Ala. 296; *Southern Ry. Co. v. Hubbard,* 116 Ala. 387. Counsel discuss assignments of error relative to evidence, but without citation of authority.

GREGORY L. & H. T. SMITH, for appellee.—It is unnecessary to discuss any of the rulings on evidence and charges since our insistence is that the plaintiff was entitled to the general affirmative charge and these things could do the defendant no harm.—*Western U. T. Co. v. Whitson,* 145 Ala. 426; *Griffin v. Bass,* 135 Ala. 490; *Bolling v. M. & M. Ry. Co.,* 128 Ala. 556. Under the facts in this case, plaintiff was entitled to at least nominal damages as for breach of the contract.—*Treadwell v. Tillis,* 108 Ala. 262. According to the simplest principles of agency one man cannot bind another without his knowledge and consent, nor can an agency exist without an appointment.—*Harris v. W. U. T. Co.,* 121 Ala. 522; *W. U. T. Co. v. Wilson,* 93 Ala. 32; *Same v. Cunningham,* 99 Ala. 314. The plaintiff had a right to amend the complaint in the manner here attempted.— *Long v. Patterson,* 51 Ala. 414; *Reid v. Scott,* 30 Ala. 640; *Steed v. McIntyre,* 68 Ala. 407; *Chambers v. Talladega R. E. & L. Assn.,* 126 Ala. 296.

MAYFIELD, J.—The appellee brought suit in the lower court to recover damages for the negligence of the defendant telegraph company in erroneously transmitting a certain telegram, which was alleged to be in words and figures as follows: "Manistee, Alabama, May 17th, 1905. City Bank & Trust Company, Mobile, Alabama. Decline payment James J. Manson for two hundred fifty dollars unless advised further by me. William H. Louisell." The negligence alleged was that the name of

James J. Manson was erroneously changed in the telegram, as delivered, to James T. Mankson; and it was further alleged that, by reason of this error, the City Bank & Trust Company was misled as to the draft which the plaintiff intended to revoke, and paid said draft and charged the same to the plaintiff's account.

The first count of the complaint was subsequently amended, over the protest and against the objection of the defendant, by striking out the word "Manistee," where the same occurs, and inserting in lieu thereof the word "Repton." The second count, filed on the 29th day of May, 1907, was identical with the first count as last amended. The amendment, by adding the second count, was also made over the protest and against the objection and exception of the defendant. We do not think that this constituted a departure, nor do we see any objection to the allowance of the amendment.

The defendant filed a demurrer to the original complaint, which was overruled, and then filed the plea of the general issue and a great number of special pleas, to which the plaintiff filed demurrers and made a motion to strike the special pleas. The demurrer was overruled as to some of the pleas and sustained as to the others, and the motion to strike was granted as to some of the special pleas and overruled as to the others. To these special pleas as to which the demurrer and motion to strike were overruled the plaintiff filed replications. To these replications the defendant filed rejoinders, to which rejoinders the plaintiff demurred. This demurrer being overruled, the plaintiff filed surrejoinders on the 5th day of December, 1906. To these surrejoinders defendant on the 10th day of December, 1906, filed a rebutter; and on the 17th day of December, 1906, the court granted the motion allowing the plaintiff to withdraw surrejoinders, and set aside a former order overruling

the demurrers to the rejoinders and sustaining such demurrers, to which ruling of the court the defendant excepted, and on the same day the defendant filed a motion to restore the pleadings to where they stood prior to the granting of this order, which motion was overruled. After all these rulings and orders, on the 25th day of May, 1907, the plaintiff moved the court to amend his complaint as above set forth by changing the word "Manistee" to "Repton," and by adding count No. 2, which was identical with count No. 1 as amended. This appears to have been upon the very day upon which the trial was had.

It does not appear from the record proper that any pleas were filed to the complaint as last amended. The recital as to the issues upon which the trial was had is as follows: "This day came the parties by their attorneys, and this cause coming on to be heard, and issue having been joined between plaintiff and defendant, thereupon came the jury," etc. So from the record proper it appears that the trial was had upon the general issue to the complaint as last amended. While there were two counts in the complaint, the first count as last amended was identical with the second count added—in fact, considering the evidence in connection with the pleadings, there was no material difference between the original and the amended complaint. While the amended complaint struck out the word "Manistee" and inserted in lieu thereof the word "Repton," yet the evidence shows that the message was sent from Manistee to Repton over a telephone line, and from Repton to Mobile, Ala., over a telegraph line, and that the message, the transaction, the negligent act complained of, the parties, and the time involved, were identical with those in the original complaint. Consequently we can see no possible benefit or injury that either party could

derive from the change, other, possibly, than that of preventing a variance between the allegations and the proof. Nor does there appear to be any reason why the rulings of the court upon the amended complaint should have been different from those upon the original complaint; but the pleas were not filed to the amended complaint, and cansequently no ruling of the court was invoked as to the amended complaint.

The decisions are not uniform as to the proper practice of refiling demurrers to amended pleadings; but probably the greater number and weight of authority hold that the party who desires the benefit of rulings on pleadings before amendment must refile demurrers to the amended pleadings. See Mayfield's Digest, vol. 3, p. 10, subd. 7, for collection of authorities. If the amendment had wrought any material change, unquestionably the demurrers should have been filed to test the sufficiency of the complaint. Whether or not the defendant waived all adverse rulings upon the pleadings prior to the amendment, by failing to plead over as to the amended complaint or to refile special pleas, it is not necessary for us to decide in this case, for the reason that the case must be reversed upon another ground and one conceded to be the material question in the case.

When all the evidence had been introduced, the court in its oral charge practically directed a verdict for the plaintiff. A part of the oral charge of the court was as follows: "Gentlemen of the jury, in this case the only question before you is the amount of the damages." The defendant excepted to all of the oral charge of the court, upon the ground that when the court gives the general affirmative charge there is no function for oral remarks. It appears from the bill of exceptions that a colloquy, unnecessary to notice, occurred between coun-

sel and the judge. The plaintiff requested the court to give the following charge, which was in writing, to wit: "The court charges the jury that if they believe the evidence they should return a verdict for the plaintiff for $250, with interest thereon from May 21, 1905, to May 29, 1907"—which charge the court gave, and indorsed thereon: "Given. Samuel B. Browne, Judge." The defendant then requested the court to give several written charges, each of which was refused, with the usual indorsement. It is unnecessary to set out these charges, for the same reason that it was unnecessary to pass upon the various rulings of the court upon the pleadings, to wit, because the judgment must be reversed for the giving of the affirmative charge; and we will treat the questions involved, in so far as their discussion will serve to guide the trial court upon another trial, should another trial be had.

There can be no doubt that the trial court was in error in giving the general affirmative charge for the plaintiff in this case, if it should be held that the trial was had upon the second count only of the complaint. There were several material allegations in this complaint as to which there was no direct proof, but which, if proven, were proven only by inference from other facts, and the court was unauthorized to draw these inferences in favor of the plaintiff. The jury only was the proper tribunal to draw these inferences. In fact, after a careful study of this evidence, we are not prepared to say that the weight of it was in support of the verdict— much less that, if the verdict had been found for the defendant, it would not have been supported by the evidence. When the evidence is so direct as to leave nothing to inference, and the evidence, if believed, is the same thing as the facts sought to be proven, the judge is at liberty to instruct the jury that, if they believe the ev-

idence, they must find for the plaintiff (or the defendant, as the case may be,) but where the burden of proof is upon the plaintiff, and any material allegation of the complaint rests upon inference to be drawn from the facts proven, the jury must draw this inference, and not the court, and if there is any evidence which in any way tends to establish a plaintiff's cause, or a defendant's defense, it is error for the court to withdraw the case from the jury, because it is not for the court to judge of the sufficiency of the evidence. An instruction should never be given to find for the plaintiff if the jury believe the evidence provided there is any evidence susceptible of an inference that would hinder the plaintiff's recovery. Proffatt on Jury Trial, § 355 et seq. It was well said by Chief Justice Brickell, in the case of *Smoot v. M. & M. Ry. Co.*, 67 Ala. 16, speaking of the affirmative charge that "such an instruction cannot be supported when the evidence is conflicting, or when the evidence is circumstantial, or when a material fact rests wholly in inference. It may be given, and should on request be given, whenever the court would sustain a demurrer to the evidence interposed by the party requesting the instruction."

The burden of proof in this case certainly rested upon the plaintiff to prove every material allegation of his complaint. One material allegation of the complaint, as to which there was no direct proof, and of which it is difficult to see how there could be direct proof, or any proof, other than that by the jury drawn as an inference from the facts, is this: "That, had said telegraph (telegram) been duly and properly transmitted, the City Bank & Trust Company would have declined payment of said draft as instructed by said telegram, but that by reason of the negligence of the defendant," etc. What direct or uncon-

tradicted evidence there was, to prove this allegation,
we are unable to find. But it is not conclusively proven
that any mistake was made, though probably the weight
of the evidence is in the affirmative. The message ac-
tually delivered was not shown. It was lost or destroyed
by the very party who should have preserved it. A sec-
ond-hand copy only was introduced. The first copy was
shown to be very dim—a tissue paper copy or letter press
copy. "The tissue copy was faint, but we could tell what
it was—could make it out. We had five or six parties
to look at it and read it separately, and each one made
it out what we put into the copy which we made." But
no one says the tissue copy was an exact copy of the one
delivered to and lost by the bank. The officers of the
bank—Seldon, cashier, and Tonsmeire, paying teller—
both say no copy was made by them of the message orig-
inally delivered, and lost, but state that they made or
had made a copy of the tissue copy, which was so dim
and faded that it required care to read it. The mistake
or error complained of could easily have been made in
transcribing from the dim and faded copy on the tissue
paper. So it was certainly a question for the jury to say
whether the mistake alleged was made at all by the de-
fendant or its agents.

We do not think, after a careful examination of this
record, that any injury was done the defendant, relative
to its pleas setting up, or attempting to set up, the rules
of the defendant telegraph company that all messages
received by it should be sent on its blanks and subject
to the contract on the back of said blank, and that the
company would not be liable, in damages or statutory
penalties, in any case where the claim was not presented
in writing within 60 days after the message was filed
with the company. It is true that this court has decid-
ed, as have a number of other courts, that there are cases

in which the rules and conditions indorsed upon the message received and transmitted by the telegraph company are binding; but this is only when they become a part of the contract between the sender of the message and the telegraph company, and the action is for a breach of the contract. A common carrier cannot relieve itself of liability for its own negligence by a special contract limiting its liability.—*W. U. Tel. Co. v. Crawford,* 110 Ala. 460, 20 South. 111; *Way's Case,* 83 Ala. 542, 4 South. 844; *Henderson's Case,* 89 Ala. 510, 7 South. 419, 18 Am. St. Rep. 148; *Daughtery's Case,* 89 Ala. 191, 7 South. 660.

If there was any liability at all in this case, it was in tort, for negligence on the part of the defendant telegraph company or that of its agents. While the complaint seems to have been treated in the court below as one ex contractu, for the breach of a contract, it is in fact in tort, and based upon negligent acts of the defendant. It is for a breach of a duty growing out of a contract, or for a breach of a duty imposed by law; but, nevertheless, it is in tort, and not in contract.—*Wilkinson v. Moseley,* 18 Ala. 288; *Beavers v. Hardie,* 48 Ala. 95; *White v. Levy,* 91 Ala. 179, 8 South. 563; *Dixon v. Barclay,* 22 Ala. 370; *Howison v. Oakley,* 118 Ala. 215, 23 South. 810; *Mobile Life Ins. Co. v. Randall,* 74 Ala. 170; *Bank v. Jeffries,* 73 Ala. 191.

Furthermore, it clearly appears, from the undisputed evidence in this case, that the rule of the company relied upon in these pleas, under which, as averred, all messages were required to be written and sent on its blanks, and subject to the provisions of the contract, claimed to be indorsed on the blank, to the effect that the company would not be liable for damages where the claim was not presented in writing within 60 days, etc., was not a part of this contract. All the parties to the

[Western Union Tel. Co. v. Griffith.]

contract were examined fully, and even if the pleas had been allowed there was still a failure of the proof. Consequently we can see no injury to the defendant either in the ruling upon these pleas, or in the exclusion of evidence tending to prove them.   Authorities supra.

We do not think that there was variance, sufficient to defeat the action, between the message declared on in the complaint and that which the proof tended to show was sent. The same may be said of this variance that was claimed touching the error in the name of the payee of the draft, made by the telegraph company in transmitting the telegram.—*N., C. & St. L. Ry. v. Cody,* 137 Ala. 597, 34 South. 1003; *L. & N. R. R. Co. v. Landers,* 135 Ala. 504, 33 South. 482; *Southern Ry. Co. v. Lollar,* 135 Ala. 379, 33 South. 32.

We deem it unnecessary to pass upon all the charges refused to the defendant, for the reason that they may or may not be proper upon another trial.   For the errors pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.