# Western Union Telegraph Company v. Louisell.

*Damages for Failure to Properly Transmit Telegram.*

(Decided May 14, 1912.   59 South. 186.)

*New Trial; On Evidence.*—The evidence in this case examined and held not to so plainly and palpably entitle the defendant to a verdict, that the action of the trial court in setting aside the verdict for the defendant would be disturbed.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by William H. Louisell against the Western Union Telegraph Company, for damages for failure to properly transmit a telegram. Judgment for defendant

[Western Union Telegraph Company v. Louisell.]

and on motion the judgment was set aside and a new trial ordered. From this judgment defendant appeals. Affirmed.

FITTS & LEIGH, for appellant. The verdict was plainly and palpably supported by the evidence.—*W. U. T. Co. v. Louisell,* 161 Ala. 237. The court therefore erred in granting the new trial.—*Cobb v. Malone,* 92 Ala. 630; *In re Swift,* 118 Fed. 348; *Galena Bank v. Ripley,* 26 L. R. A. 995. The burden was on the plaintiff to establish his case as alleged in his declarations.—*Snell v. Derricot,* 161 Ala. 259. There can be no damages without injury shown.—*B. R. L. & P. Co. v. Camp,* 161 Ala. 457.

GREGORY L. & H. T. SMITH, and WILLIAM G. CAFFEY, for appellee. This court will not review the action of the trial court in setting aside the verdict, unless it was plainly and palpably supported by the evidence.— *White v. Blair,* 95 Ala. 147; *Dillard v. Savage,* 98 Ala. 598; *Smith v. Tombigbee,* 141 Ala. 532; *Rawls v. Scott,* 151 Ala. 309; *Woodruff v. Hall,* 157 Ala. 414. The burden was on the defendant to show that the mistake happened without fault on its part, and it failed to do so.—3 Sutherland on Damages, section 957; 37 S. W. 994. The plaintiff was damaged, as he had a right to cancel the check any time before it was certified or paid.—*Elder v. Franklin Nat. Bank,* 55 N. Y. Supp. 576; *Pease v. State Nat. Bank,* 88 S. W. 172; *Smith v. W. U. T. Co.* 150 Pa. St. 561. The breach of defendant's duty was the cause of plaintiff's loss.

DE GRAFFENRIED, J.—This suit was brought by William H. Louisell against the Western Union Telegraph Company for damages which he alleges he sus-

tained by reason of the negligence of the telegraph company in transmitting a telegram from Repton, Ala., to Mobile, Ala., which was sent by said Louisell to the City Bank & Trust Company of Mobile. It appears from the evidence set out in the bill of exceptions that about the 17th day of May, 1905, the said Louisell drew a draft in favor of James J. Manson for $250 on said City Bank & Trust Company and delivered it to some one to be delivered to said Manson. On the 17th of May, Louisell sent to the City Bank & Trust Company, the following telegram: "Manistee, Ala., May 17th, 1905. City Bank & Trust Company, Mobile, Alabama. Decline payment James J. Manson for two hundred and fifty dollars unless advised by me. William H. Louisell." Manistee was connected with Repton by telephone, and Louisell telephoned the message from Manistee to the agent of the telegraph company at Repton, and the agent transmitted it over the Western Union wires, just as other messages, to Mobile. The message, after it left Repton and before it was delivered to the City Bank & Trust Company, was changed by some agent of the Western Union Telegraph Company, so that, when it was received by the City Bank & Trust Company, it read as follows: "Decline payment James T. Manison for two hundred and fifty dollars unless further advised by me." In other words, the name James J. Manson, in the telegram as sent, was changed to James T. Manison when delivered. Several days after the City Bank & Trust Company had received the message, the draft, payable to James J. Manson, was presented to said bank and paid and charged to the account of appellee. The appellee brought this suit against the appellant to recover said sum so paid out by said bank on said check, alleging that, but for the said act of negligence of appellant in the transmission

of said telegram, the bank would not have paid the check when presented.

The evidence showed, without dispute, the above facts; and, as the check was not presented to the City Bank & Trust Company until several days after the above telegram ha·l been delivered to it, it is evident that the bank, but for the change in the name above indicated, would certainly have paid the check at its peril, as the appe᷾ee had the right to countermand his order to pay the check at any time before it was presented for payment.

There was a jury and verdict for appellant. A motion for a new trial was made by the appellee, the court set aside the verdict of the jury and granted the motion, and from this order of the court the appellant prosecutes this appeal.

This case was once before the Supreme Court, and was fully considered by it.—*Western Union Telegraph Co. v. Louisell*, 161 Ala. 231, 50 South. 87. On the first trial of the case, the trial court, at the written request of the appellee, charged the jury that if they believed the evidence they should find a verdict in his favor. On the first appeal, the Supreme Court held that the facts shown by the bill of exceptions, although not in dispute, were such that reasonable men might reasonably draw opposite and rational conclusions from them, and that the case was therefore one which presented questions of fact for the determination of a jury, and not mere questions of law for the determination of the court, and that the court therefore erred in giving the affirmative charge to the jury in favor of the appellee. While the Supreme Court, in the opinion above referred to, discusses the facts of the case and the conclusions which a jury might reasonably draw from them at some length, the substance of the opinion

is as we have above stated it to be.—*Western Union Telegraph Co. v. Louisell, supra.*

In one material particular, the testimony on behalf of the appellee is materially stronger, in his favor, as presented in the bill of exceptions in the present record, than was the testimony of appellee on the same subject, as presented in the bill of exceptions on the first appeal. In the present bill of exceptions, the witness Tons- meiere is quoted as having testified broadly that the copy of the telegram—the original had been lost—which was introduced in evidence was "a copy of the telegram that was delivered to the City Bank & Trust Company." The bill of exceptions in the record on the former ap- peal shows no such clear and positive statement on this particular subject, and the uncertainty of the evidence on the subject led the Supreme Court to say, in its opin- ion in the case, "it was certainly a question for the jury to say whether the mistake alleged was made at all by the defendant or its agents."—*Western Union Tele- graph Co. v. Louisell, supra.*

It is, of course, a familar proposition that, in arriving at the true meaning of a given sentence, or of a particu- lar statement, the subject being considered by the party giving expression to the sentence or making the state- ment must be taken into consideration. The Supreme Court, on the first appeal, came to the conclusion that the trial court committed reversible error in holding that, under the facts contained in the bill of exceptions then under consideration, the plaintiff was entitled to the general affirmative charge in his favor. The pur- pose, and the only purpose, of the Supreme Court in discussing the evidence was to demonstrate the integrity of its position on that subject, and its language, in that part of the opinion devoted to a discussion of the testi- mony, must be so construed. We find nothing in the

32 CA

opinion of the Supreme Court, in its discussion of the evidence, authorizing the inference that it was of the opinion that, under the evidence, the plaintiff was not, as matter of law, entitled to recover. As we construe the opinion, the court, on the contrary, announced the opinion that the question as to whether the appellee (plaintiff in the court below) was entitled to recover. was a question of fact for a jury, and not a question of law for a court.—*Western Union Telegraph Co. v. Louisell, supra.*

On his redirect examination, the witness Arthur Tonsmeire testified positively: "At the time I paid this check, I knew there was a stop order against the check of James T. Manison." On his direct examination, he testified as follows: "We had no means of knowing that the telegram that instructed us not to pay the check in favor of James T. Manison was really intended to refer to the check payable to James J. Manson. I had no knowledge of the fact that the telegram referring to said James T. Manison had reference to the draft payable to James J. Manson."

The telegram from Louisell to the City Bank & Trust Company was dated May 17, 1905, and ordered the bank to decline payment of a check drawn to James J. Manson for $250, unless further advised by him. While the evidence discloses that the check to James J. Manson was presented several days after the 17th day of May, 1905, for payment, to the City Bank & Trust Company, it may be that the bank, not knowing when to expect the check, displayed the ordinary business custom in not communicating, before the payment of the check, with Louisell. The check, when presented, bore the date of the 15th day of May, instead of the 17th day of May, and as the telegram, as received by the bank, did not give the date of the check, ordered the bank not to

pay a check for $250 to James T. Manison, it may be that the bank, even if its cashier had not in fact overlooked the stop order, but had it in mind when he paid the check, displayed reasonable business discretion in so doing. It is, of course, true that, if the bank had refused to pay the check, and Louisell had not in fact ordered the bank not to pay said check, then the bank would have been liable in damages for a failure so to do. However this may be the Supreme Court on the former appeal did not hold, as matter of law, that the telegram, as received by the City Bank & Trust Company, operated as notice to it not to pay the check, the payment of which has brought about this litigation.

Since the rendition of the opinion in the case of *Cobb v. Malone & Collins,* 92 Ala. 630, 9 South. 738; our Supreme Court has construed the law as lodging large discretionary powers in a trial court in the matter of granting or refusing to grant a motion for a new trial in a civil case, because the verdict of the jury was contrary to or not supported by the evidence, and has steadily refused to review the ruling of a trial court upon such a motion, unless the ruling complained of plainly and palpably resulted in a miscarriage of justice under the law as applied to the facts of the particular case. This rule of the Supreme Court on the above subject is stated in various ways; but the rule, as we understand it, is as above stated, and we cannot say that the trial court, in granting appellee's motion for a new trial, set aside a verdict to which the appellant was plainly and palpably entitled under the evidence in the case. This being our conclusion, it follows that, in our opinion, the judgment of the court below should be affirmed.

Affirmed.