[Birmingham Ry. L. & P. Co. v. Livingston.]

# Birmingham Ry. L. & P. Co. *v.* Livingston.

*Action for Damages for Personal Injuries.*

[DECIDED JUNE 30, 1905; 39 So. 374.]

1. *Street Railroads; Collision at Crossing; Personal Injury; Complaint; Negligence; Sufficiency.*—In an action against a street railway co., sustained by a mail clerk on a railroad train resulting from a collision with a street car at a crossing on grade, a complaint which alleges the operation by defendant of a street car line which crosses the tracks of the railway at grade; that on the day of the accident the train on which plaintiff was mail clerk collided with the street car, and as a proximate consequence thereof, plaintiff was injured; and that the collision occurred and injury resulted by reason of defendant's negligence, is good as against demurrer setting up that the allegations of the complaint are too vague, indefinite and uncertain, and that they fail to show any negligence on defendant's part, and do not show any duty owing by defendant to plaintiff.

2. *Trial; Evidence; Objection.*—A plaintiff may testify that just before the accident, on hearing the danger signal, he ran to the door to jump out, the objection to the same being to the whole answer, some of which was good as a part of the *res gestae*.

3. *Appeal; Error in Refusing Instruction Cured by Instructions Given.*—If it was error to refuse written instructions that plaintiff was not entitled to recover for time lost, such error was cured by instruction that plaintiff was not entitled to recover for wages lost, the proof showing that his wages were paid him during his absence from work on account of his injuries.

4. *Street Railroads; Negligence; Jury Question.*—Where the evidence showed that defendant's car was sufficiently near to the crossing of the car line and the railroad track to be run into by the train, and thus causing collision, it was a question for the jury whether the car was so placed through the negligence of the defendant or its servants, although no evidence was offered to negative the inference that said car was so placed by the servants of defendant, and the affirmative charge was improperly given for the plaintiff.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by John R. Livingston against the Birmingham Ry., Light & Power Co., to recover damages for personal injuries received by appellee in a collision between one of defendant's cars and a railway train on which appellee was mail clerk. Plaintiff was the only witness introduced, and his testimony tended to show that at a crossing on grade of defendants car line and the railway on which he was mail clerk, one of defendants cars was left so close to the railway track that the train on which he was mail clerk collided with it. That on hearing the danger signal he ran to the car door to jump out. That across the door to which he ran was a guard and railing which came in contact with the car on defendants track and the guard was broken and thrown violently against plaintiff injuring him. It was further shown that during the time plaintiff was absent from work, on account his injuries his wages were regularly paid him.

The complaint contained two counts. The first count was as follows: "The plaintiff claims of the defendant twenty-five hundred dollars as damages, for that heretofore, to-wit, on the 26th day of July, 1903, the defendant was operating a railway, and had a car thereon, which railway crossed the track of another railway on grade in Jefferson county Alabama, at, or near Powderly; on said day, a train operated by such other railway, collided with said car at said crossing, and as a proximate consequence thereof, plaintiff who was on said train was shocked, bruised, cut and otherwise injured in his person, his arm and knee were badly bruised, cut mashed and otherwise injured, he was made sore and sick, suffered great mental and physical pain, lost much time from work, was rendered for a long time unable to work, was rendered permanently less able to work and earn money, and was put to great trouble and expense for medicine, medical attention, care, nursing in or about healing and curing his said wounds and injuries. Plaintiff alleges that said collision occurred and the plaintiff suffered said injuries and damages by reason and as a proximate consequence of the negligence of the defendant, or its servants or agents, acting within the

line and scope of their authority as such in or about causing or allowing such collision." The second count of the complaint was similar, except that it charged the negligence of the defendant to have been wanton or intentional. The defendant demurred to the first count of the complaint, alleging as grounds therefor, that the said count was too vague, uncertain and indefinite; that it failed to show any negligence on part of defendant; that it averred only conclusions of the pleader; that no facts were averred showing negligence of defendant; that it did not show any duty owing by the defendant to the plaintiff. The demurrer was overruled. It is unnecessary to set out the second count of the complaint, or demurrer thereto, as the court charged the jury that the plaintiff could not recover thereunder.

On the written request of the plaintiff, the court gave the general affirmative charge in his favor. On request, the court gave for the defendant the following charges; "If the jury believe the evidence, they cannot find for the plaintiff under the second count of the complaint." "The plaintiff is not entitled to recover anything for lost wages." The court refused the following written charges requested by the defendant: "If the jury believe the evidence, they cannot find for the plaintiff under the first count of the complaint." "The plaintiff is not entitled to recover anything for the time lost from his employment."

There was verdict and judgment for the plaintiff. The defendant appeals.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant.

BOWMAN, HARSH & BEDDOW, for appellee.

(The reporter finds no brief with the record.)

ANDERSON, J.—The trial court properly overruled the demurrer to the amended complaint.—*L. & N. R. R. Co. v. Marbury,* 125 Ala. 237, 28 South. 428; *C. of G. Ry. Co. v. Freeman,* 134 Ala. 354, 32 South. 778; *Armstrong v. Montgomery Street Railway Co.,* 123 Ala. 244, 26 South. 349; *Russell v. Huntsville Ry. L. & Power Co.,* 137 Ala. 628, 34 South. 855.

The trial court did not err in overruling motion to exclude the testimony of the plaintiff as a witness, "I ran to the door to jump out." While the witness could not testify to uncommunicated motives, yet he could have testified what he did at the time of the collision, as it was a part of the *res gestae,* and as a part of the evidence was admissible, the motion to exclude was properly overruled, as it did not single out the good from the bad.

The cause will not be reversed for the refusal of the trial court to give charge. "The plaintiff is not entitled to recover anything for the time lost from his employment." The only element of damages proven for loss of time was what the defendant was earning, and the evidence showed that he was paid his wages during the time he was not working and the court charged the jury at the request of defendant, "The defendant is not entitled to recover anything for lost wages." The last charge certainly cured all injury that could have arisen from the refusal of the charge as to lost time.

The evidence showed that a car of the defendant upon its track obstructed a train that plaintiff was on, by being on the crossing of the railroad track of the Alabama Great Southern Railroad, or sufficiently near thereto to be run into by the train. It was defendant's car and on its track, and the jury might well infer that it was taken there by the agents or servants of the defendant charged with handling or propelling it, especially when the defendant offered no evidence to negative these inferences. We cannot hold, however, as a matter of law that the only inference is that the car was put there or left there through the negligence of defendant's agents or servants. It may have been left at a safe distance and then pushed too near the railroad track by some outsider. It is true the inference would be strong that it was placed there by those charged with handling it, but such is not necessarily the only conclusion to be drawn from the facts. In all cases where different inferences may be drawn by men equally sensible and impartial, the question must be submitted to the jury.—*State v. Houston,* 83 Ala. 361, 3 South. 695.

[Anniston Electric & Gas Co. v. Elwell.]

The trial judge erred in giving the general affirmative charge for the plaintiff, and the judgment of the city court is reversed and the cause is remanded.

Reversed and remanded.

McCLELLAN, C. J., DOWDELL and DENSON, JJ., concurring.