# John *v*. Birmingham Realty Co., *et al.*

## *Injury by Explosion.*

(Decided June 16, 1911. 55 South. 801.)

1. *Charge of Court.*—Where there is any evidence or reasonable inference to be drawn making a conflict as to a material issue, the affirmative charge should not be given.

2. *Explosives; Negligence; Evidence.*—The evidence in this case stated and examined and held insufficient to require a submission to the jury of the negligence of the defendant, as there was nothing to show that the cap causing the explosion belonged to the defendant, or that he placed the cap where it was found.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Jos. W. John, by his next friend, Sam Will John, against the Birmingham Realty Company and Bracket O. Watkins, for damages for injury caused plaintiff by reason of an explosion alleged to have occurred on account of negligently leaving some caps and explosives unprotected and exposed to sight on the public streets of the city of Birmingham. Judgment for defendants, and plaintiff appeals. Affirmed.

It appears from the complaint that the plaintiff was a boy under 10 years of age, and while rightfully passing along said avenue or said street, where the caps or explosives were alleged to have been placed by the defendants and left exposed and unguarded, plaintiff was

attracted to them and picked one up, when it exploded, blowing away a thumb and three fingers. It is further alleged that defendants were grading said street, and putting in storm sewer and curbing, and that they were using these explosives in making excavations, and that they left same along the street unprotected and unguarded.

SAM WILL JOHN, for appellant. From all the evidence it was the legitimate province of the jury to infer that the caps belonged to the appellee, or one of them, and the court had no right to withdraw it from the jury.—*White v. Haas*, 32 Ala. 432; *Cole v. Propst Bros.*, 119 Ala. 100; *Abbott v. Mobile*, 119 Ala. 598. The court was without authority to draw the inference that the caps did not belong to the defendant.—*Carter v. Fisher*, 127 Ala. 62.

PERCY, BENNERS & BURR, and A. F. FITE, for appellee. The appeal should be dismissed.—Sec. 5353, Code 1907; *Tate v. McCreary*, 21 Ala. 499. Counsel discuss the cases cited by appellant, and conclude that they are not applicable. It was necessary to show that defendant was negligent in keeping the caps at that place.—*Cook v. Anderson*, 85 Ala. 105.

ANDERSON, J.—While the general affirmative charge should never be given whenever there is any evidence or a reasonable inference in opposition to same, yet the inference must be reasonable, and not merely conjectural or imaginary, and unless it is reasonable the giving of said charge is warranted.

The only theory upon which the plaintiff could recover in this case is upon proof, positive or circumstantial, that the caps found by him were placed or

[John v. Birmingham Realty Co., et al.]

left there by the defendants, or their agents or servants. There was proof that one of the defendants (Watkins) had such caps in his commissary, but no proof that he was the only person in that section who had or handled such caps; and the fact that they were found near a tent in which was kept cement, sand, and tools, not shown to have been carried there from the commissary, was not sufficient to create even a reasonable inference that they belonged to or were carried there by Watkins or his servants. True, such caps are used in blasting, and the defendants were engaged in blasting; but the evidence shows that they did not use caps and fuse in doing so. On the other hand, there was proof of constant blasting in a mine or mines near there, by the use of caps and fuse, and that the miners were daily passing in the vicinity of Lilly street. It was also shown that other commissaries in the neighborhood kept cartridges used in blasting, and it is just as reasonable to infer that the cartridges were dropped by miners, or came out of other commissaries, as it is to infer that they belonged to Watkins, and got to the place where the plaintiff found them through the negligence of said Watkins or his agents or servants.

The trial court did not err in giving the general charge requested by the defendants, and the judgment is affirmed.

Affirmed.

SIMPSON, SAYRE, and SOMERVILLE, JJ., concur.