[Birmingham Railway, Light & Power Co. v. Camp.]

# Birmingham Railway, Light & Power Co. v. Camp.

### Damages for Injury to Property.

#### (Decided Nov. 30, 1911.  57 South 50.)

·1. *Street Railways; Injuries; Action; Jury Question.*—The evidence in this case stated and examined and held to require a submission to the jury of· the question as to whether the injury was caused by negligently attempting to pass a buggy standing so close to the track as to be struck by the overhanging car, or whether the buggy was moved towards the car while the car was passing.

2. *Charge of Court; Directing Verdict.*—Where the evidence is in conflict or different reasonable inferences may be drawn therefrom, it is not proper to direct the verdict.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Oscar L. Camp against the Birmingham Railway, Light & Power Company, for damages sustained to a buggy in being struck by a car.  Judgment for plaintiff and defendant appeals.  Reversed and remanded.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant.  The court erred in giving plaintiff the general charge as the evidence was in conflict and had, tendencies to support the contention of the defendant. —*B. R. L. & P. v. Camp*, 161 Ala. 456.  The defendant was really entitled to the affirmative charge.—*A. G. S. v. McWhorter*, 156 Ala. 269.

BOWMAN, HARSH & BEDDOW, for appellee.  No reasonable inference but that of the negligence of the defendant can be drawn from the testimony and there was no error in giving the affirmative charge for the plaintiff.

—Sec. 5476, Code 1907; *So. Ry. Co. v. Smith,* 50 South. 390; *Western Ry. v. Mohr,* 53 South. 744; *B. R. & E. Co. v. Bailor,* 101 Ala. 488. There was no variance between the allegation and the proof.—*St. L. & S. F. R. R. Co. v. Cavender,* 54 South. 56; 4 Enc. P. & P. 742; *Jones v. The State,* 137 Ala. 16; *Prestwood v. McGowan,* 148 Ala. 477. Even if there was a variance, it was waived by the defendant.—*L. & N. v. Thornton,* 117 Ala. 274; *S. V. R. R. Co. v. Moose,* 83 Va. 827; 16 Enc. P. & P. 407; 22 Ib. 640.

WALKER, P. J.—We are of opinion that the trial court was in error in giving the general affirmative charge at the request of the plaintiff. The following statement, made in the opinion rendered on the former appeal in this case (*Birmingham Railway, L. & P. Co. v. Camp,* 161 Ala. 456, 49 South. 846), applies to the record now before the court: "The testimony is without conflict that the rear end of the car was the part thereof inflicting the damage, and that by reason, as the plaintiff contended, of the 'overhang' of the rear end as the car passed over the curve. One of the theories asserted by the defendant was that the injury was the result of the backing by the horse of the buggy into the rear end of the car, and not of the unaided (thereby) collision of the car with the vehicle." It cannot be said that this theory adduced by the defendant was without support in any tendency of the evidence. The conclusion that there was a movement of the buggy while the car was passing might have been a legitimate deduction from circumstances disclosed by the evidence, though no eyewitness testified that there was such a movement. From the facts, if so found by the jury, that a vehicle drawn by a horse was standing far enough from the track as the front end of a car passed it to be out of the way of dan-

ger, and was found nearer the track when the rear end of the car passed, it might be inferred that the vehicle was moved by the horse while the car was passing. The witness Griffith, who stated that he saw the buggy just before it was struck by the car, and where it was just after the accident, testified: "I don't know but what the buggy backed into the car; I did not see when the horse backed into the car." The witness Hardwick, who was the motorman, testified that when he pulled the car around the curve the plaintiff's buggy, as it stood between the car track and the sidewalk curbing, "appeared to be perfectly in the clear; my mind was satisfied that it was." Our construction of his statement in this connection is that when he pulled around the curve the buggy was so situated that the car would pass without touching.

With this testimony in the case, it was a question for the jury whether the injury was attributable to negligence in running past the buggy, as it stood so close to the track as to be struck by the rear end of the car as it projected in rounding the curve, or to the fact that the position of the buggy was changed while the car was passing, so as to expose it to a collision with the rear end of the car. If the buggy was "perfectly in the clear" when the motorman, standing on the front end of the car, passed it, the court was not justified in denying to the jury the right to draw the conclusion from the evidence that the collision was not due to negligence in running the car past a vehicle so situated.

If there is any evidence which would support an inference that would hinder the plaintiff's right to recover, an instruction to find for the plaintiff if the jury believe the evidence should not be given.—*Western Union Telegraph Co. v. Louisell,* 161 Ala. 231, 50 South. 87.

[Birmingham Water Works Co. v. Martini.]

It was for the jury to determine what, if any, weight should be given to the evidence tending to show that the buggy was brought into dangerous proximity to the car while it was passing, and whether the injury to the plaintiff's property was attributable to a change in the position of the buggy while the car was passing, which might not have been anticipated by the person in control of the movement of the car, though he was exercising reasonable diligence, or to negligence in running the car past a buggy and horse so situated in reference to the track as the car approached and started to pass them. There were diverging tendencies in the evidence, which should have been left to the jury to pass upon.

The questions presented by the other assignments of error need not be ruled on, as they can be avoided in another trial.

Reversed and remanded.