# Birmingham Railway, Light & Power Co. v. Johnson.

### *Injury to Person on Track.*

(Decided December 8, 1912. Rehearing denied February 6, 1913. 61 South. 79.)

1. *Street Railways; Persons on Track; Complaint.*—A complaint alleging that the agent of defendant street railway company wantonly and willfully ran a car upon plaintiff, charges a direct trespass, and sufficiently alleges a willful and wanton injury.

2. *Pleading; Duplicity.*—A complaint alleging in a single count that the servants of defendant railroad company willfully and wantonly ran a car against plaintiff, knocking him down and injuring him, does not set up two alternative causes of action, as only the injury is complained of, and that is charged as being both willful and wanton.

3. *Appeal and Error; Harmless Error; Pleading.*—Where demurrers were overruled to pleas which set up the same defense as the defense set up in pleas to which demurrers were sustained, the ruling was harmless, if error.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by T. A. Johnson against the Birmingham Railway, Light & Power Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint alleges that the corporation defendant was engaged in operating a street railway system pro-

[Birmingham Railway, Light & Power Co. v. Johnson.]

pelled by electricity, for the transportation of passengers for hire, and that on a certain date, while the plaintiff was lawfully crossing Avenue D in Nineteenth street in Ensley, the defendant acting by and through its servants or agents who were in charge or control of the car so negligently and carelessly conducted themselves in and about the management, control, and operation of the car that the same was propelled upon or against the plaintiff, thereby knocking him down, and inflicting certain injuries on him which were named, and which were caused proximately by reason of the negligence of the defendant, its servants or agents. The second count states the same matter of inducement, and avers that defendant's servants or agents, acting within the line and scope of their employment in charge or control of defendant's said car at said time and place, wantonly and willfully ran or propelled said car upon or against plaintiff, inflicting upon him the wounds and injuries set out in the first count, and plaintiff avers that his said wounds or injuries were the proximate consequences of, and caused by reason of, the wantonness or willfulness of defendant, its servants, or agents. The demurrers were that the facts averred do not constitute wanton or willful injury, and that the count contains two separate and distinct causes of action, and it does not appear that defendant owed plaintiff any duty. The court overruled the demurrers to pleas 2, 6, 7, and 8, and sustained demurrers to pleas 3, 4; and 5. Two and 3 were almost identical. Six is identical with 3, except that it alleges that plaintiff negligently attempted to cross the track without looking, etc.

TILLMAN, BRADLEY & MORROW, and E. L. ALL, for appellant. The court erred in overruling demurrers to the second count of the complaint as amended.—*So. Ry.*

*v. McIntyre,* 152 Ala. 225; *Iron C. M. Co. v. Hughes,* 144 Ala. 608; *A. G. S. v. Shahan,* 116 Ala. 302; *L. & N. v. Cofer,* 110 Ala. 491; *S. A. & M. v. Buford,* 106 Ala. 303; *H. A. & B. v. Dusenberry,* 94 Ala. 413; 22 Mo. App. 607. To sustain the charge laid in the count, proof of actual participation on the part of defendant company is essential.—*City D. Co. v. Henry,* 139 Ala. 161; *Freeman v. C. of Ga.,* 154 Ala. 619; *C. of Ga. v. Freeman,* 140 Ala. 581; *So. Ry. v. Yancy,* 141 Ala. 249; *Bir. Southern v. Gunn,* 141 Ala. 372; *Merril v. Sheffield Co.,* 169 Ala. 262. On these authorities the court was in error in sustaining demurrer to defendant's special plea 3.—*C. of Ga. v. Foshee,* 125 Ala. 199; *Anniston E. & G. Co. v. Rosen,* 159 Ala. 203. The court erred also in sustaining demurrers to plea 5.—Authorities supra.

GASTON & PETTUS, for appellee. Count 2 was in all respects sufficient.—*So. Ry. v. Weatherlow,* 153 Ala. 171; *So. Ry. v. Hyde,* 61 South. 77; *Martin's Case,* 177 Ala. 367; *Burgess' Case,* 114 Ala. 587; *L. & N. v. Johnson,* 162 Ala. 665; *Johnson v. B. R. L. & P. Co.,* 149 Ala. 529; *Ala. C. & C. Co. v. Hammond,* 156 Ala. 253; *B. R., L. & P. Co. v. Gonzalez,* 61 South. 80. If there was error in sustaining demurrers to the pleas, it was without injury as they set up the same defense as were set up in the other pleas to which demurrer was overruled.—*Booth v. Dexter,* 118 Ala. 269; *Montgomery v. Chandler,* 144 Ala. 310; *Berry v. Dozier,* 161 Ala. 309.

MAYFIELD, J.—Count 2 of the complaint was a good and sufficient count to charge wantonness or willfulness under the repeated rulings of this court. The count does not attempt to set out the particular acts, nor the omissions of the particular acts, which constitute the wantonness or the willfulness, but it alleges in

terms the fact that the agents of the defendant "wantonly and willfully ran a car upon and against the plaintiff," thus alleging a direct trespass by the agents. There is no contention that other parts of the count sufficiently showed that the defendant corporation was liable in damages for the wanton and willful act complained of. It has been repeatedly held by this court that counts claiming damages for wanton or willful acts are sufficient when they allege that the injury was wantonly or willfully inflicted by running a train, car, or engine against plaintiff, and it is not essential that they set out the evidence necessary to show that the given act was wanton or willful. It has been held that counts may allege that the injury was wantonly *or* willfully inflicted. In this case the allegation was that it was wantonly *and* willfully inflicted.—*Southern Railway Co. v. Weatherlow*, 153 Ala. 171, 44 South. 1019; *Martin's Case*, 117 Ala. 367, 23 South. 231; *Burgess' Case*, 114 Ala. 587, 22 South. 169; *Southern Railway Co. v. Hyde, infra*, 61 South. 77.

The count does not attempt to allege two causes of action in the alternative or disjunctive, as is contended by appellant. It attempts to set up only one cause of action, and alleges that the injury complained of was wantonly and willfully inflicted. Only one act is complained of—running a car over or against plaintiff. The complaint merely alleges that this was done wantonly and willfully, and that plaintiff's injuries were proximately caused by reason of this wanton or willful act.

Whether the court erred in sustaining demurrers to the defendant's pleas 3 and 4, in so far as they were intended as answers to the counts claiming on simple negligence, we need not decide, because demurrers were overruled to other pleas which set up the same defense.

Plea 3 alleges in express terms that the negligence of plaintiff proximately contributed to his own injury, the injury complained of, in that he attempted to cross the defendant's railroad track on which the car that struck him was approaching, and in dangerous proximity to him, and made such attempt without looking for cars which might be approaching such place on such track, and that he received his alleged injuries while making such attempt. The fourth plea is the same as the third, except that it alleges that the plaintiff so attempted to cross the track without listening for cars which might be approaching. It affirmatively appears from this record that, if error, it was without injury, for the reason that demurrers were overruled to other pleas which set up the same identical defense attempted to be set up by these pleas. The only difference is that the adverb "negligently" was used before the verb "attempt." So, if the defendant could prove one of these pleas, he could prove the others, and if he could not prove the one as to which the demurrer was overruled, he was not entitled to a verdict, for the act complained of must of necessity be negligent, else there is no defense.

The other pleas were subject to the demurrers interposed.

Affirmed.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.