# Southern Railway Co. *v.* Hyde.

*Injury to Person on Track.*

(Decided December 17, 1912.   61 South. 77.)

1. *Railroads; Persons on Track; Injury; Complaint; Wantonness.*— A complaint which alleges generally that the servants of a railroad company wantonly or intentionally ran an engine over plaintiff's intestate, sufficiently charges a wanton killing.

2. *Same.*—An averment in a complaint that the servants of defendant wantonly propelled the engine which ran down and killed plaintiff's intestate while crossing the track, at a high rate of speed, without any signal of its approach along the street where people in great numbers crossed and recrossed the track, and that as a proximate result of these acts, intestate was killed, sufficiently charges a wanton killing.

3. *Same; Knowledge of Danger.*—Where the servants of defendant had operated a switch engine for more than a month at the point where intestate was killed, they were charged with knowledge of the conditions there, and that a great number of people constantly passed and repassed along or across the track.

4. *Same; Instructions.*—A charge asserting that if the servants of defendant railroad company in charge of a switch engine backed the same at a high rate of speed along the street without light or signals, and it was known to such servants that people crossed the tracks in large numbers, then their conduct was wanton, and defendant is liable, regardless of whether intestate stops to look and listen, was an invasion of the province of the jury.

5. *Same.*—A charge asserting that if the agent in charge of the engine was guilty of wanton negligence, then the failure of intestate to stop, look and listen would not defeat a recovery, and that the running of the train at a high rate of speed in a populous district without signals, where the public are expected to pass and repass with frequency, creates an imputation of reckless negligence was not erroneously given.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Action by John F. Hyde as administrator against the Southern Railway Company, for damages for the death of his intestate. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 2 is as follows: "The plaintiff, John F. Hyde, as administrator of the estate of Robert Hyde, deceased, claims of defendant, Southern Railway Company, a corporation, the further sum of $25,000 as damages for that on and prior to the 18th day of July, 1907, the defendant owned and operated a railroad from Memphis, Tenn., to Stevenson, Ala., over and upon which defendant ran engines and cars propelled by steam, for the transportation of freight and passengers for hire, and that said railroad was laid upon, and ran through, a public street in the city of Tuscumbia, a station on defendant's railroad, and defendant's agents, while engaged in running an engine upon and over said railroad in the corporate limits of said city of Tuscumbia, and in the conduct of the business of the defendant, then and there wantonly or intentionally ran said engine upon plaintiff's intestate, thereby causing his death." Count 4 states the same facts as count 2, with the averment that "on said 16th day of July, 1907, the agents and servants of defendant in charge of an engine, and in conducting the business of defendant, wantonly propelled said engine on the track of defendant on and along a public street in the corporate limits of the city of Tuscumbia, at a

time when and place where people were wont to cross and recross said street in great numbers and frequency, and said engine was then and there by said agents and servants wantonly run backward at a high rate of speed, and in the nightime, with no light on the rear end thereof, and without giving any signals of aproach, and ran said engine at said time and place upon plaintiff's intestate, who was attempting to cross said street, and then and there crushed and killed him." It is then averred that those in charge of the engine knew, at the time they propelled the same along said street of the city of Tuscumbia, that people then and there crossed and recrossed said street in great numbers and with frequency, and that injury would probably result to some of said people so crossing and recrossing said street, and yet with reckless indifference they propelled an engine backwards along said street at a high rate of speed, without any light on the rear part thereof, and without giving any signals of approach, and that as a proximate result thereof, plaintiff's intestate was killed. Charge 1 seems to have been given for the plaintiff, and is as follows: "If the jury believe from the evidence that Huddleston and Burns, the persons alleged to have been in charge of the engine that killed Robert Hyde, had been for a month or more prior to the night of the 16th of July, 1907, operating a switch engine on Fifth street, between Water and Main, then I charge you that you would be authorized to infer and find that said Huddleston and Burns knew of the conditions prevailing on said Fifth street between Water and Main, at the time Robert Hyde was killed, with respect to the number of people who crossed and recrossed said street at the place of the alleged accident, and the frequency with which they crossed and recrossed." Charge 2: "If the jury believe from the evidence that on the night of

July 16, 1907, the defendant's agents and servants in charge of the engine backed the same at a high rate of speed, without any light on the forward engine, and without giving any signals of approach on and along Fifth street in the city of Tuscumbia, and that plaintiff's intestate was killed by said engine in attempting to cross said street and that at the time and place said intestate was attempting to make said crossing people crossed and recrossed said street in great numbers and frequency, and that this was known to the persons in charge of said engine, and that they were conscious that in driving said engine at said high rate of speed, without light and without giving signals, injury would probably result to some person exposed to danger on said track, then I charge you that such conduct on the part of said agents and servants of defendant was wanton, and your verdict must be for the plaintiff, although you should further believe from the evidence that Robert Hyde went on said track without stopping to look or listen, although you might believe that he knew of the approach of the engine." Charge 3: "I charge you that if you believe from the evidence that the parties in charge of the engine were guilty of wanton negligence, then I charge you that Hyde's failure to stop, look, and listen, or other negligence on the part of Hyde, would not defeat a recovery in this case. Gentlemen of the jury, to run a train at a high rate of speed, and without signals of approach, at a point where the trainmen have reason to believe there are persons in exposed positions on the track, in a populous district of an incorporated city, or where the public are expected to pass on the track with such frequency and in such numbers, facts known to those in charge of the train, as that they will be held to a knowledge of the probable consequences of

maintaining great speed without warning as to impute to them reckless indifference in respect thereto, would render their employer liable for injuries resulting therefrom, notwithstanding there was negligence on the part of those injured." The defense was contributory negligence in failing to stop, look, and listen for approaching trains before going on the track, and that the intestate knew that an engine was approaching, and negligently went on the track in such close proximity thereto that he was injured, and that he saw an engine approaching, and, misjudging its speed, or his ability to cross before it reached him, made an attempt to cross, and was killed, and that he was standing on the track when killed. There was evidence tending to support counts 2 and 4, as well as evidence tending to rebut as to the speed of the train, and the want of signals, and also evidence tending to support the pleas.

ALMON & ANDREWS, for appellant. The complaint, especially count 4, was subject to the demurrers interposed.—*Glass v. R. R. Co.,* 94 Ala. 581; *L. & N. v. Richards,* 100 Ala. 366; *Same v. Bowen,* 121 Ala. 221. If the complaint had shown just what the testimony showed, it would be held that the facts alleged do not constitute wanton negligence, and consequently, defendant is entitled to the affirmative charge.—4 Mayf. 302. Counsel discuss the charges refused in the light of the evidence and the complaint, and insist that they should have been given.—*Harris v. Bell,* 27 Ala. 520; *Poole v. Deevers,* 30 Ala. 672; *Stoddard v. Kelly,* 50 Ala. 452; 4 Pac. 858; 32 N. E. 955; 46 Am. St. Rep. 818.

JAMES H. BRANCH, and GEORGE P. JONES, for appellee. No brief reached the Reporter.

DOWDELL, C. J.—This action is brought under section 2486 of the Code of 1907. The complaint alleges plaintiff's intestate was killed by being run against by a locomotive, in charge of defendant's servants or agents, in a public street of the city of Tuscumbia. Count 2 of the complaint sufficiently charged the wanton killing of plaintiff's intestate.—*Central of Ga. R. R. Co. v. Foshee,* 125 Ala. 226, 27 South. 1006; *A. G. S. R. R. Co. v. Burgess,* 116 Ala. 514, 22 South. 913.

Count 4 conforms to the rule laid down in *L. & N. R. R. Co. v. Orr, Adm'r,* 121 Ala. 498, 499, 26 South. 35, and hence must be held sufficient as charging the wanton killing of plaintiff's intestate.

Charge 1 on page 79 of the transcript states the law correctly as applied to the facts of this case, and was properly given by the trial court, at the request of the plaintiff in writing.—*Stringer v. Ala. Min. R. R. Co., et al.,* 99 Ala. 403, 408, 13 South. 75.

Charge 2 on page 79 of the transcript invaded the province of the jury, and should have been refused to the plaintiff. The giving of this charge constitutes reversible error.

No reversible error was committed in the giving of charges 3 and 4, given at the plaintiff's request—page 80 of the transcript.

The general affirmative charge was properly refused to the defendant, upon the whole case and each count thereof.—*Southern Ry. Co. v. Hyde,* 164 Ala. 170, 51 South. 368. There are numerous assignments of error, many of which are not insisted on; others, treated of in brief of appellant, peculiar to this trial should not, and no doubt will not, arise on the next trial of this case. There are others raising questions decided by this court when this cause was here on the former ap-

peal. We see no good reason for departing from our rulings therein declared. See *So. Ry. Co. v. Hyde,* 164 Ala. 162, South. 368.

For error herein pointed out the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, MAYFIELD, and DE GRAFFENRIED, JJ., concur.