## United States H. & A. Ins. Co. v. Goin.

### Assumpsit.

(Decided November 16, 1916.   73 South. 117.)

1. **Pleading; Demurrer; Grounds.**—Under § 5340, Code 1907, demurrers to a complaint on the ground that it is vague, indefinite and uncertain, that it fails to state a cause of action, and that its averments are mere conclusions of the pleader, are general in their statements, and properly overruled.

2. **Appeal and Error; Harmless Error; Pleading.**—It is harmless to sustain demurrers to special pleas, where the facts relied on in such pleas were not only provable, but were, in fact, proven under other pleas.

[United States H. & A. Ins. Co. v. Goin.]

3. **Insurance; Forfeiture; Warranty; Waiver.**—If the insurance company had knowledge of the fact which authorized a forfeiture of the policy, and it accepted premiums not yet earned, such forfeiture is waived.

4. **Same; Authority of Agent.**—Where the replication alleged a waiver of the forfeiture by the acceptance of such premium, a rejoinder thereto which sets up restriction as to the authority of the agent in procuring the policy, but not a limitation upon him to bind the company by acts subsequent to the issuance of the policy, is insufficient.

5. **Appeal and Error; Harmless Error; Pleading.**—Any error in overruling demurrers to some, of the replications was harmless, where the proof established beyond dispute other replications which entitled the plaintiff to recover.

6. **Insurance; Representation by Agent; Breach of Warranty.**—Where the district manager received the premiums, wrote applications, and adjusted and settled the losses, knowledge to him of facts amounting to a breach of warranty is imputable to the company.

7. **Pleading; Variance; Objection.**—Where the attention of the trial court was not called to the facts constituting the variance complained of, as required by Rule 34, Circuit Court Practice, the trial court will not be put in error for overruling objections to the evidence because of a variance.

8. **Same.**—Where there was no variance between the evidence and one count of the complaint, and the objection did not seek to confine the evidence to the count under which there was a variance, there was no error in overruling the objection because of the variance.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Logwood U. Goin against the United States Health & Accident Company upon a policy. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The complaint claimed $500 due on a policy of insurance whereby defendant on November 1, 1909, insured plaintiff from bodily injury sustained during the life of said policy, solely through external violent and accidental means, and for total loss of time, commencing on the date of the accident, during which said injury continued, which wholly and solely prevented insured from performing any and every duty pertaining to his occupation, and plaintiff avers that during the life of said policy, and while same was in force he received bodily injury from the back-firing of an automobile, which fractured or otherwise injured his wrist bone, and he was disabled for a period of nine weeks thereafter. The other counts set out the same state of facts, with the allegation that plaintiff was to receive from defendant the sum of $36 per week for a period of nine weeks. The demurrers are that the complaint is vague, indefinite, and uncer-

tain; that it fails to state any cause of action against defendant; and that the averments were mere conclusions of the pleader.

The seventh plea sets up that the policy was issued in consideration of the premium, and the statement and agreements in the schedule of warranty indorsed herein, and made a part hereof, which statements assured made by the acceptance of his policy and warranted to be true, and then avers one of said statements and warranty was that plaintiff had not been disabled, nor had any medical or surgical treatment during the past five years, and that this is untrue, for defendant says that during said five years plaintiff was disabled and received medical or surgical treatment therefor, one week for erysipelas, three weeks for sprained ankle, ten weeks for blood poison, and four weeks for typhoid fever, wherefore defendant says that by reason of said untrue statement and breach of said warranty said policy is null and void. Plea 8 sets up the same contents of the policy as set out in plea 7, and avers that it is stated in said statement that no other application ever made by me for health, accident, or life insurance had been declined, or any such policy of insurance canceled, or renewal refused, and defendant avers that such statement was untrue, and said warranty untrue because, during the year 1909, and prior to November 1st thereof, the Standard Accident Insurance Company of Detroit, Mich., canceled a policy theretofore issued by said company to plaintiff, and defendant alleges that by reason of said untrue statement and breach of warranty said policy was and is null and void. Replication 5 sufficiently appears. The rejoinder sets up that plaintiff's application upon which the policy was issued, and which was made a part thereof, contains the following: I understand and agree that the insurance is not effective until the policy has actually been issued by the company, and the premium paid while I am in good health and free from all injury, and that the company shall not be bound by any knowledge of or statements made by or to any agent unless written hereon.

PALMER P. DAUGETTE, for appellant. FRANK S. WHITE & SONS, for appellee.

ANDERSON, C. J.— (1) The demurrers to counts 1 and 3 of the complaint were general and did not comply with the requirements of section 5340 of the Code of 1907, and whether the

counts were or were not subject to an appropriate demurrer, which we need not decide, the trial court will not be put in error for overruling the demurrers in question.—*Allen v. Fincher,* 187 Ala. 599, 65 South. 946; *Francis v. Sandlin,* 150 Ala. 585, 43 South. 829; *L. & N. R. R. Co. v. Johnson,* 162 Ala. 665, 50 South. 300; *St. L. & S. F. R. R. Co. v. Phillips,* 165 Ala. 504, 51 South. 638.

(2) Whether the defendant's special pleas 3, 4, 5, and 6 were or were not subject to the demurrer, which was sustained thereto, we need not decide, for if there was error, it was error without injury, as the defendant got the full benefit of the same under pleas 7 and 8, to which the demurrer was overruled, as the facts relied upon in said pleas 3, 4, 5, and 6 were not only provable under pleas 7 and 8, but the bill of exceptions shows that they were in fact proven.—*Birmingham R. R. Co. v. Johnson,* 183 Ala. 352, 61 South. 79; *United States I. Co. v. Hill,* 9 Ala. App. 222, 62 South. 954; *Birmingham R. R. Co. v. Bush,* 175 Ala. 49, 56 South. 731. Pleas 3 and 5 are substantially the same as plea 7, and pleas 4 and 6 are substantially the same as plea 8.

(3) Replication 5, in substance, sets up a waiver by the defendant of the breach of warranty relied upon in pleas 7 and 8, by an acceptance of the premiums after a knowledge of the said breach.

"The acceptance by an insurance company, with knowledge of facts authorizing a forfeiture or avoidance of the policy, of premiums or assessments which were in no degree earned at the time of such forfeiture or avoidance, constitutes a waiver thereof. This waiver is based on the estoppel of the company to declare void and of no effect insurance for which, with knowledge of the facts, full compensation has been received."—Cooley's Briefs on Insurance, pp. 2684, 2685, and cases there cited.

"In the absence of special stipulations restricting the power of agents, the knowledge of an agent having power to issue policies and collect premiums, followed by the acceptance of a premium, will be sufficient to amount to a waiver."—Cooley's Briefs on Insurance, p. 2696.

(4) This replication was not subject to the defendant's demurrer. The rejoinder to this replication 5 was subject to the demurrer interposed and which was properly sustained by the trial court. It set up restrictions as to the power and authority of the agent in and about the procurement of the policy and not

a limitation upon the agent to bind it by acts subsequent to the issuance of the policy. Moreover, such a restriction as would forbid the reception of premiums by agents, with full knowledge of the facts, from operating as a waiver of a right to declare a forfeiture for causes previously existing would probably be unreasonable, especially when the premium is collected by an agent who has authority to collect and receive same, but which point we need not decide.

(5) We think that the proof established beyond dispute the plaintiff's replication 5, and which entitled the plaintiff to a judgment, and this being the case, the action of the trial court in overruling demurrer to replications 2 and 6, whether error or not, was without injury, as the result would be the same whether these two replications were in or out.

(6) The proof showed that Williams was the defendant's district manager, and that he received the premiums, wrote applications, and adjusted and settled losses.

"The business of an insurance company is, of necessity, carried on by its officers and agents. The company and its agents and officers are, in law, one and the same as to all transactions within the scope of the authority of the officers and agents, and their acts are imputable to the company. As a general proposition, it may be said that knowledge of an agent of an insurance company, as to matters within the general scope of his authority, is the knowledge of the company, and it is bound thereby.— Cooley's Briefs on Insurance, vol. 3, p. 2520.

(7, 8) The trial court will not be put in error for overruling the objection to the introduction of the policy, because of a variance. The appellant did not call the attention of the court to the point or fact constituting the variance as required by circuit court rule 34 (175 Ala. xxi). Moreover, there was no variance between the policy and count 1, and the objection did not confine the policy to the count under which there was a variance.

We do not think that the conclusion reached by the trial court was erroneous, but think that it rendered the only judgment that was authorized by the pleading and proof.

There were many objections and exceptions to the rulings upon the evidence, and after a careful consideration of same we are of the opinion that the trial court committed no reversible error in this respect, but will refrain from a discussion of these

[Worthington v. City of Jasper.]

questions as it can serve no good purpose by incumbering the books with a rehash of elementary rules of evidence.

The judgment of the city court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.