(77 South. 241)

BIRMINGHAM SOUTHERN R. CO. v. GUEST.   (6 Div. 282.)

(Court of Appeals of Alabama.   Nov. 27, 1917.)

TRIAL ⟨∞⟩252(11) — INJURIES TO SERVANT — SUBMISSION OF QUESTION OF CONTRIBUTORY NEGLIGENCE.

In a railroad servant's action for injuries, in the absence of all evidence tending to prove plaintiff was negligent, the court properly refused to submit to the jury the question of contributory negligence, as requested by the railroad.

Appeal from City Court of Birmingham; C. W. Ferguson, Judge.

Action by J. H. Guest against the Birmingham Southern Railroad Company. From a judgment for plaintiff, defendant appeals. Judgment affirmed.

Percy, Benners & Burr, of Birmingham, for appellant. Harsh, Harsh & Harsh, of Birmingham, for appellee.

SAMFORD, J.   The cause was tried on four counts, numbered 1, 2, 3, and 5, to which were interposed pleas of general issue and contributory negligence. The only assignments of error are to the court's refusal to give, at the request of the defendant, the general charge, separately as to each count, and in failing to give a charge submitting to the jury the question of contributory negligence on the part of plaintiff.

The first count attributes plaintiff's injuries to the negligence of James Gould, an alleged superintendent. The second, to a defect in the works, ways, machinery, or plant, etc., in that the ground floor was defective. The third, to negligence in failing to furnish a reasonably safe place in which to work. The fifth, to the negligence of Harris, the superintendent. It is not questioned that each

count of the complaint above mentioned states a good cause of action, and we find that there was sufficient evidence upon which to submit each of them to the jury. John v. Birmingham Realty Co., 172 Ala. 603, 55 South. 801; Tobler v. Pioneer Mining Co., 166 Ala. 482–516, 52 South. 86.

There was absolutely no evidence tending to prove that the plaintiff was negligent. So far as appears, he was going about his work in a careful manner, undertaking to prop a car as was usually done in similar cases, by those engaged in car repairing for defendant, with no reason to believe that the floor of the shop was other than it had been at other points where occasion had demanded the driving of iron bolts to secure props to cars. Therefore the court did not err in refusing to submit to the jury the question of contributory negligence, as requested by the defendant.

There is no error in the record, and the judgment is affirmed.

Affirmed.