BEATTY, Justice.
Plaintiffs appeal from the trial court’s entry of summary judgment in favor of defendant in consolidated suits brought by Nancy Evans for personal injuries and by her husband, Franklin Evans, for loss of consortium. We reverse and remand for further proceedings.
On May 27, 1982, an Alabama Power Company crew was working on a transformer and distribution line near plaintiffs’ house. During the course of the work, a bucket truck struck a pole and caused two wires to touch each other.. One wire burned through, and one end of it fell to the paved road below, approximately 30 to 50 feet from where Nancy Evans (hereafter “plaintiff”) was sitting in her yard in a metal chair. Several neighbors heard plaintiff call for help and found her lying unconscious on the ground a few feet from the chair. She was taken by an emergency rescue squad to a hospital, where she was examined in the emergency room and then placed in intensive care. She remained in intensive care for one day and was discharged from the hospital after an additional three days. Plaintiff complained of numbness and loss of strength on her right side, but there were no burns on her body.
Plaintiff brought suit against defendant, alleging that her injuries were caused by an electrical shock she received due to the negligence of defendant’s employees. Her husband brought a separate action for loss of consortium, but the two suits were consolidated. Defendant’s motion for summary judgment, considered on the basis of the pleadings, answers to interrogatories, depositions, and affidavits in the file, was granted by the trial court.
The following legal principles are applicable to summary judgments:
“Of course, on a motion for summary judgment the burden of proof is stricter than on a trial on the merits, because on the motion all reasonable inferences from facts are to be viewed most favorably to the non-moving party, Campbell v. Alabama Power Company, Ala., 378 So.2d 718 (1979), and the burden is upon the moving party to show that no triable issue of material fact exists. Amason v. First State Bank of Lineville, Ala., 369 So.2d 547 (1979). So that if there is a scintilla of evidence supporting the non-moving party, a mere gleam, glimmer, spark or trace in support of the plaintiff’s complaint, summary judgment is inappropriate. Wilson v. Liberty National Life Ins. Co., Ala., 331 So.2d 617 (1976).” Gross v. Republic Steel Corp., 400 So.2d 383, 385 (Ala.1981).
Summary judgments are rarely appropriate in negligence cases. Allen v. Mobile Infirmary, 413 So.2d 1051, 1052 (Ala.1982).
Defendant argues that there was not a scintilla of evidence on the element of causation. Defendant maintains that it was equally likely that plaintiff suffered a stroke, heart attack, or hysteria, and that a finding that plaintiff suffered an electrical shock would be speculative. See Matthews v. Mountain Lodge Apartments, Inc., 388 So.2d 935, 939 (Ala.1980) (scintilla doctrine does not vitiate the rule that a conclusion based on speculation or conjecture as to liability is not a proper basis for a verdict). The following passage addresses the question of speculative conclusions where more than one cause of the injury may be inferred from the evidence:
“As this court has often declared, findings of fact based on conjecture merely cannot be upheld. Southworth, Adm’x, v. Shea, 131 Ala. 419, 30 South. 774; Miller-Brent Lbr. Co. v. Douglas, 167 Ala. 286, 52 South. 414; John v. Birmingham Realty Co., 172 Ala. 603, 55 South. 801; Carlisle v. C. of G. Ry. Co., 183 Ala. 195, 62 South. 759; Dorman’s Case, [205 Ala. 609, 89 So. 70]. As said in Southworth, Adm'x, v. Shea:
“ ‘Proof which goes no further than to show an injury could have occurred in an alleged way, does not warrant the conclusion that it did so occur, where from the same proof the injury can with equal probability be attributed to some other cause.’
“But a nice discrimination must be exercised in the application of this principle. *1104 As a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference. There may be two or more plausible explanations as to how an event happened or what produced it; yet, if the evidence is without selective application to any one of them, they remain conjectures only. On the other hand, if there is evidence, which points to any one theory of causation, indicating a logical sequence of cause and effect, then there is a juridical basis for such a determination, notwithstanding the existence of other plausible theories with or without support in the evidence.” Southern Railway Co. v. Dickson, 211 Ala. 481, 486, 100 S. 665, 669 (1924).
In the present case, it is undisputed that a bucket truck operated by one of defendant’s employees struck a pole, causing the wires to touch each other. One wire burned through and fell to a paved road. One of defendant’s employees testified that when the wires touched, there was a loud noise like the firing of a shotgun. He also stated that he did not see a flash of light, but he was sure there was one accompanying the noise. There was conflicting evidence as to whether the wire which fell remained “hot,” but it was undisputed that the fuse in the transformer did not blow.
Plaintiff testified that she was seated in an all-metal chair in her yard when she heard a noise like a firecracker and saw a blue blaze of light. She stated she was approximately 32 feet from the flash of light. The next thing she remembered was being in the hospital. Several of her neighbors testified that they heard plaintiff call for help shortly after the truck bumped the pole and that they found her lying unconscious on the ground.
The doctor who treated plaintiff testified as follows:
“Q. Dr. Cole, were there any objective criteria or from your professional standpoint subjective criteria to determine if Mrs. Evans had, in fact, received electrical shock?
“A. I thought she received an electrical shock. Now, I do not have recorded a place on her right leg or right hand or anything like that where I know that some changes occurred in the skin as a result of an electrical burn.

“Q. Would the symptoms that she evidenced when she was brought into the emergency room be consistent with having suffered a stroke?
“A. Yes.

“Q. Is it possible she suffered a heart attack on this occasion?
“A. I think the word ‘possible’ might be used, but unlikely is probably more favorable. She had an EKG run. It showed some changes, none specific. They were normal SC changes. If they have a heart attack there should be some changes on it but not necessarily. For example, if it was done an hour or two after she came in and she had a heart attack, some of the tests, the EKG could have changed the next day if she had one, but it is unlikely.
“Q. Do you think it is likely that she suffered a stroke?
“A. Again, about the same feeling. Possible but unlikely.

“Q. In your professional opinion, can you completely rule out a stroke here?
“A. No.
“Q. Can you rule out hysteria?
“A. More so, but not one hundred percent.
“Q. More so than stroke?
“A. Yes.

“Q. Doctor, I just have one final question: Were the symptoms that you saw there when you first interviewed her in the emergency room and throughout the history of your treatment, were they consistent with someone who has suffered an electrical shock or electrical burn?
“A. Yes.”
*1105 Paula Crawford, a member of the rescue squad which transported plaintiff to the hospital, stated in response to a question asking whether there was anything important which had not been covered during the deposition:
“The only thing that I can think of is after we got there to the hospital and they started fluids on her, she started having muscle spasms, she was trembling all over. I have seen a lot of stroke patients, heart patients, and all of that, and I have never seen them do that. I remember, you know, the emergency room doctor saying he thought that she had been electrically shocked. But, other than that, I can’t know of anything else.”
It is clear that there are not several equally plausible explanations of how plaintiff was injured, but, rather, “there is evidence which points to ... one theory of causation, indicating a logical sequence of cause and effect ... notwithstanding the existence of other plausible theories with or without support in the evidence.” Southern Railway Co. v. Dickson, 211 Ala. at 486, 100 So. at 669.
Defendant claims that this case is similar to Peevy v. Alabama Power Co., 393 So.2d 971 (Ala.1981). In Peevy, the decedent, who was recovering from a heart attack, angrily accused a meter reader of spraying decedent’s dog with mace. Decedent went inside the house and called defendant to complaint about the meter reader, and then he collapsed and died of another heart attack. The Court held that there was no evidence on the question of proximate cause and affirmed the trial court’s grant of summary judgment in favor of defendant. The present case is distinguishable from Peevy. Heart attacks often occur for a variety of reasons, and it is difficult to pinpoint one factor as the proximate cause. However, persons seated in their yards normally do not fall to the ground unconscious with symptoms consistent with an electrical shock absent some identifiable cause.
Since there is at least a scintilla of evidence that plaintiff received an electrical shock caused by the actions of defendant’s employees, let the summary judgment be reversed and the case be remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.